FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 02, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TREE TOP, INC., and CERTAIN INTERESTED UNDERWRITERS AT LLOYDS,<br><br>Plaintiffs,<br><br>v.<br><br>LIQUI-BOX CORPORATION, a/k/a Liquibox Corp,<br><br>Defendant.<br><br>———————————————<br><br>LIQUI-BOX CORPORATION, a/k/a Liquibox Corp,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>ADVANCED PLASTIC SYSTEMS, INC.,<br><br>Third-Party Defendant. | No. 1:21-CV-3109-ACE<br><br>ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS AND SETTING TELEPHONIC SCHEDULING CONFERENCE<br><br>**ECF No. 11** |

**BEFORE THE COURT** is a February 8, 2022 motion by Third-Party Defendant Advanced Plastic Systems, Inc., (APS) to dismiss the third-party complaint for lack of personal jurisdiction. ECF No. 11.

ORDER - 1

This case was initially assigned to Senior United States District Judge Rosanna Malouf Peterson, and later reassigned to United States District Judge Mary K. Dimke. Following the parties' March 14, 2022, consent to proceed before a Magistrate Judge, ECF No. 22, the case was reassigned to Recall Magistrate Judge James P. Hutton, and APS' motion to dismiss was re-noted for hearing, without oral argument, on April 21, 2022. This case was reassigned to the undersigned Magistrate Judge on June 13, 2022. ECF No. 28.

As stated in the Court's July 14, 2022 Order Directing Parties to File Supplemental Briefing, ECF No. 30, a review of the docket reveals the pending motion to dismiss for lack of personal jurisdiction, ECF No. 11; a response by Defendant/Third-Party Plaintiff Liqui-Box Corporation (Liqui-Box) that requests a transfer of venue to the Eastern District of California or, alternatively, an opportunity to conduct discovery regarding APS' motion to dismiss, ECF No. 16; a March 1, 2022 response by Plaintiffs seeking additional time to engage in discovery regarding APS' jurisdiction assertion, ECF No. 17; APS' March 10, 2022 reply indicating it was agreeable to the Court postponing a ruling on the motion to dismiss pending the completion of discovery on the issue of jurisdiction, but opposed to a transfer of venue, ECF No. 21; Liqui-Box's March 14, 2022 reply arguing the interests of justice weigh in favor of a transfer of venue, ECF No. 24; and Plaintiffs' March 15, 2022 reply contending the Court should rule on APS' motion to dismiss prior to any decision on Liqui-Box's motion to transfer venue, ECF No. 25.

**A.   Motion to Dismiss**

On July 14, 2022, the Court entered an order indicating an inclination to find that the Court lacks personal jurisdiction over APS but also that the parties would be afforded an opportunity to address Liqui-Box's request to transfer venue before a dismissal of APS from the lawsuit. ECF No. 30. Supplemental briefing has now been filed.

ORDER - 2

Liqui-Box argues the case should be transferred to the Eastern District of California in the interests of justice, ECF No. 33; APS requests that no transfer of venue occur because, in addition to other arguments, the State of California also lacks jurisdiction over APS, ECF No. 34; and Plaintiffs strongly object to the case being transferred to the Eastern District of California and request that the Court retain jurisdiction, ECF No. 36.

A district court may transfer venue of any civil case to another district court where the action could have been brought "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). 28 U.S.C. § 1406(a) provides, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1406(a) is predicated upon whether or not venue is "improper" in the forum in which the case was brought. *Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603, 608 (7th Cir. 2003); *see Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."). Improper venue requires dismissal or transfer pursuant to 28 U.S.C. § 1406(a), whereas a motion for "convenience" transfer under Section 1404(a) is discretionary because venue is already proper in the district from which a transfer is sought.

Here, Plaintiffs initiated this lawsuit against Liqui-Box in the state courts of Washington. Liqui-Box removed the case to this Court, and the parties agreed jurisdiction and venue were proper. It is undisputed that this Court has jurisdiction over the initial parties to this lawsuit, Plaintiffs and Liqui-Box. Accordingly, Plaintiffs were not wrong to initiate this case in Washington State, and Plaintiffs do not seek a transfer of the case to another district.

ORDER - 3

Liqui-Box brought APS into the case by filing a Third-Party Complaint, and APS immediately challenged this Court's jurisdiction. Given that Liqui-Box failed to provide any support for a claim of jurisdiction over APS in Washington or otherwise challenge APS' motion to dismiss on the issue of jurisdiction and based on this Court's review of APS' motion and supporting materials, it is clear the Court lacks jurisdiction over APS. Nevertheless, Liqui-Box specifically asks that, in lieu of the dismissal of APS from this case, the Court transfer venue to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1406(a). The Court declines Liqui-Box's request.

Liqui-Box asserts that this case should be transferred to the Eastern District of California, a venue where personal jurisdiction will lie with all parties, because APS purposefully shipped its product into California. ECF No. 16, 24, 33. However, APS's briefing and argument demonstrate it is arguable that California lacks jurisdiction over APS as well. ECF No. 34. Without deciding this issue, and given the Court's practice of retaining jurisdiction over actions filed herein and not imposing on the judges of other districts to adjudicate such matters, the Court finds that it would not be in the interest of justice to transfer this case to United States District Court for the Eastern District of California. It is the determination of the Court that the requested transfer of venue is inappropriate under Section 1406(a).

Based on the foregoing, Third-Party Defendant APS's motion to dismiss the third-party complaint for lack of personal jurisdiction, **ECF No. 11**, is **GRANTED.** Liqui-Box's Third-Party Complaint against Third-Party Defendant APS is **DISMISSED WITHOUT PREJUDICE**.

**B.     Notice Setting Telephonic Scheduling Conference**

With respect to the remaining parties to this lawsuit, the Court will hold a telephonic scheduling conference and shall require a new Rule 26 Joint Statement.

ORDER - 4

Accordingly, **PLEASE TAKE NOTICE** that a telephonic scheduling conference shall be held on the date and time noted below. Counsel and the parties shall use the following information to participate in the hearing:

**DATE: September 7, 2022 at 11:30 a.m.**
**PHONE NUMBER:  1-877-336-1828**
**ACCESS CODE:  3873484**

The parties shall meet and confer at least **fourteen (14) days** prior to the scheduling conference and, **by no later than September 1, 2022**, file a Joint Status Report (or separate reports if necessary), reflecting the results of their conference and the parties' position with respect to each of the following:

1. The nature and basis of their claims and defenses (brief description);
2. A preferred trial date and estimated length of trial;
3. Anticipated motions;
4. A proposed Discovery Plan as discussed in Fed. R. Civ. P. 26(f); and
5. Any other matters which may be conducive to the just, efficient, and economical determination of the action or proceeding.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order and provide copies to counsel.

DATED August 2, 2022.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 5